**MING HUI CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, & Immigration and Naturalization Service, Respondents.**

No. 04–4569–AG.

United States Court of Appeals, Second Circuit.

April 6, 2006.

Ming Hui Chen, New York, New York, for Petitioner, pro se.

Harry S. Mattice, United States Attorney for the Eastern District of Tennessee, Tammy Owens Combs, Assistant United States Attorney, Chattanooga, Tennessee, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Ming Hui Chen petitions for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination, *see, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

The IJ's adverse credibility determination is substantially supported by the record as a whole. The IJ was reasonable in finding that Chen's inability to resolve the inconsistencies in her testimony regarding who told her that she was wanted for arrest or give explicit details about the practice and theory of Falun Gong fatally undermined her credibility. Because the IJ properly determined that Chen did not provide sufficient credible objective evidence of a well-founded fear of future persecution, her denial of withholding of removal, which carries a higher burden of proof, was also proper. The denial of CAT relief was also proper, as Chen failed to establish that she was a Falun Gong participant that would be subject to persecution or torture upon return to China. *See Xue Hong Yang v. DOJ*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).